UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

OLIVER MARTINEZ-FERNANDEZ,
(A# 246-196-980) Petitioner,

v.

WARDEN, CALIFORNIA CITY
CORRECTIONS CENTER, et al.,

Respondents.

No.  1:26-cv-01660-DAD-SCR

FINDINGS & RECOMMENDATIONS

Petitioner is a federal immigration detainee proceeding with a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.  This action was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

The undisputed record in this case demonstrates that petitioner was released by ICE on November 30, 2022 premised upon either an explicit or implicit finding that he was not dangerous or a flight risk.  ECF No. 6-2 at 6.  While on release, petitioner did not commit any crimes, materially complied with conditions of release and petitioner is not subject to a final order of removal.  Considering all of these factors, and consistent with the court's rulings in Perez v. Albarran, No. 1:25-cv-01540-DAD-CSK (HC), 2025 WL 3187578 (E.D. Cal. Nov. 14, 2025), Rocha Chavarria v. Chestnut, No. 1:25-cv-01755-DAD-AC, 2025 WL 3533606 (E.D. Cal. Dec. 9, 2025), and Lopez Rodriguez v. Chestnut, No. 1:26-cv-01662-DAD-SCR, 2026 WL 593194 (E.D. Cal. Mar. 3, 2026) the undersigned finds that petitioner's Fifth Amendment right to

1

procedural due process was violated by his re-detention without a pre-deprivation hearing.

Accordingly, IT IS HEREBY ORDERED that petitioner's motion to proceed in forma pauperis (ECF No. 2) is granted.

IT IS FURTHER RECOMMENDED that:

1. Petitioner's first amended application for a writ of habeas corpus be granted on count three.[1]

2. Respondents be ordered to immediately release petitioner from custody with the same conditions he was subject to immediately prior to his detention on January 20, 2026.

3. Respondents be directed to not re-detain petitioner without providing him notice and a pre-deprivation hearing before an immigration judge where the government has the burden to demonstrate a change in circumstances by clear and convincing evidence.

4. Respondents be directed to pay for petitioner's travel expenses to return to his residence in Maryland via a commercial carrier.

5. This order does not address the circumstances in which respondents may detain petitioner in the event petitioner becomes subject to an executable final order of removal and petitioner receives notice of that final order of removal.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

---

[1] In the interests of judicial economy, the remaining counts in the amended § 2241 petition are not addressed herein.

2

Dated: March 16, 2026

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE