UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

OLIVER MARTINEZ-FERNANDEZ,

Petitioner,

v.

WARDEN, et al.,

Respondents.

No. 1:26-cv-01660-DAD-SCR (HC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART AND GRANTING PETITIONER'S FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS IN PART

(Doc. No. 13)

Petitioner Oliver Martinez-Fernandez is a federal immigration detainee proceeding through counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 17, 2026, the assigned magistrate judge issued findings and recommendations recommending that petitioner's petition for writ of habeas corpus (Doc. No. 1) be granted. (Doc. No. 13.) Specifically, the assigned magistrate judge found that petitioner was previously released, materially complied with the conditions of his release, and that respondents re-detained petitioner without a pre-deprivation hearing in violation of his due process rights. (*Id.* at 1–2.) The pending findings and recommendations were served on the parties and contained notice that

/////

1

any objections thereto were to be filed within seven (7) days after service.  (*Id.* at 2.)  On March 24, 2026, respondents filed their objections to the pending findings and recommendations.

Several of respondents' objections merely reiterate arguments that have been previously rejected in similar cases by the undersigned, such as:  (1) petitioner's release could be revoked at any time with no process (*id.* at 1); (2) petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225 (*id.* at 2); (3) petitioner has no liberty interest in his continued release[1] (*id.* at 2–4); and (4) that respondents should only be required to provide petitioner a bond hearing (*id.* at 4). *See Perez*, 2025 WL 3187578 (rejecting the above arguments); *see also Wasef v. Chestnut*, No. 1:26-cv-01078-DAD-JDP (HC), 2026 WL 392389 (E.D. Cal. Feb. 12, 2026) (rejecting the respondents' construction of § 1225).  These objections do not provide a basis upon which to reject the pending findings and recommendations.

Respondents' final objection is that the court should decline to adopt the recommendation that respondents be ordered to pay petitioner's travel expenses to return to his home in Maryland. (Doc. Nos. 13 at 2; 14 at 5–6.)  Although the court is sympathetic to the extreme hardships placed on petitioner by respondents' unlawful detention of him, "[h]abeas corpus, however, is not the appropriate or even available remedy for damages claims." *Sisk v. CSO Branch*, 974 F.2d 116, 117 (9th Cir. 1992) (citing *Wolff v. McDonnell*, 418 U.S. 539, 554 (1974)); *see also Furnace v. Giurbino*, 838 F.3d 1019, 1026 (9th Cir. 2016) (noting that damages are not available through habeas actions).  The court cannot identify any authority supporting the contention that reimbursement of travel expenses are available in a habeas action to return a petitioner to the

/////

---

[1] In making this argument, respondents mischaracterize the liberty interest at issue in this court's previous orders in *Perez v. Albarran*, No. 1:25-cv-01540-DAD-CSK (HC), 2025 WL 3187578 (E.D. Cal. Nov. 14, 2025) and *Rocha Chavarria v. Chestnut*, No. 1:25-cv-01755-DAD-AC, 2025 WL 3533606 (E.D. Cal. Dec. 9, 2025) as being an interest in not being subjected to indefinite detention.  (Doc. No. 14 at 2–4.)  This is plainly incorrect, as the court identified the liberty interests in those cases as being the petitioners' interest in continued release following an initial decision to release by the respondents. *See Perez*, 2025 WL 3187578, at *3 ("[T]he court concludes that petitioner has a protected liberty interest in her continued release."); *see also Rocha Chavarria*, 2025 WL 3533606, at *3 (finding that the petitioner's prior parole created a liberty interest in his continued release).

status quo *ante litem*.  Accordingly, the court will decline to adopt the pending findings and recommendations as to the issue of reimbursement of petitioner's travel expenses without prejudice to the bringing of a well-supported motion seeking such reimbursement based upon legal authority.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case.

For the reasons above.

1. The findings and recommendations issued on March 5, 2026 (Doc. No. 11) are ADOPTED IN PART;

2. Petitioner's first amended petition for writ of habeas corpus (Doc. No. 6) is GRANTED as follows:

    a. Respondents are ORDERED to immediately release petitioner Oliver Martinez-Fernandez, A-File No. 246-196-980, on the conditions he was subject to, if any, prior to his detention on January 20, 2026;

    b. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner absent exigent circumstances without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing the government will bear the burden to demonstrate petitioner is a danger to the community or flight risk by clear and convincing evidence;

    c. Petitioner's request for reimbursement of travel expenses is DENIED;

3. The Clerk of the Court is directed to serve California City Detention Facility with a copy of this order;

4. The Clerk of the Court is directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:   **April 7, 2026**

_____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3